JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612-5217
    Telephone:  (510) 637-3929
    Facsimile:   (510) 637-3724
    E-Mail:      Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANTIONE DEMETRIUS SMITH,<br><br>    Defendant, | No. CR 08-00110 DLJ<br><br>UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT ANTIONE DEMETRIUS SMITH<br><br>Hearing Date:   September 5, 2008<br>Hearing Time:  10:00 a.m. |

**I.**

**INTRODUCTION**

On April 18, 2008, defendant Antione Demetrius Smith ("defendant") pleaded guilty – in a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) – to count one of the indictment, possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). The Court ordered the United States Probation Office (USPO) to prepare a presentence report (PSR). A hearing for imposition of judgment and sentencing is currently scheduled for September 5, 2008.

In the plea agreement, defendant agreed to plead guilty count one and the government agreed to dismiss count two. In addition, the parties agreed that defendant should be sentenced

as follows if the government determines that defendant did <u>not</u> satisfy U.S.S.G. § 5C1.2(a)(5): 60-70 months imprisonment, four years of supervised release (with conditions to be fixed by the Court), no fine, $ 100 special assessment and no restitution.

Because defendant failed to satisfy the safety valve criteria in this case the adjusted applicable United States Sentencing Guideline (U.S.S.G.) offense level is 25. The parties agree that the PSR correctly calculates defendant's criminal history category as I. The applicable guideline range is 57-71 months imprisonment. The mandatory minimum sentence is 60 months imprisonment.

For these reasons set forth below, the government respectfully requests that this Court accept the plea agreement entered into by the parties and sentence defendant to the mandatory minimum sentence, namely, 60 months imprisonment, four years supervised release (under the terms and conditions recommended by the USPO), and a $100 special assessment. This 60-month sentence is consistent with both the sentencing guidelines and the sentencing factors that the Court must consider pursuant to 18 U.S.C. § 3553(a).

## II.

## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows, with the exception of the two-point downward adjustment for safety valve:

| | | |
|---|---|---|
| Base Offense Level: | 26 | U.S.S.G. § § 2D1.1(c)(7) (at least 20 grams but less than 35 grams of crack cocaine) |
| | + 2 | U.S.S.G. § 3C1.2 (reckless endangerment) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| Total Offense Level | 25 | |

### III.

### DISCUSSION OF GUIDELINES CALCULATIONS

A.  **U.S.S.G. § 2D1.1(c)(7) (base offense level)**

Defendant admitted in the factual basis of the plea agreement (paragraph 2) that on April 19, 2005, in North Richmond, California, defendant knowingly possessed with intent to distribute approximately 32.1 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine. Specifically, defendant admitted knowingly possessing multiple plastic bags containing a total of 32.1 grams of crack cocaine (and a small amount of marijuana) while he was driving south on Giant Road in a white Chrysler SUV. He possessed this crack cocaine with the intent to distribute it to others in exchange for cash. At some point, a police vehicle activated its lights and sirens in an attempt to stop hie vehicle. Defendant did not stop, however, and instead lead the police on a high speed chase that lasted approximately 2.8 miles in length and reached speeds of 80 miles per hour. During that chase, defendant did not stop at multiple stop signs and nearly hit a pedestrian who had to jump out of the way of his vehicle. During the pursuit he threw the plastic bags containing crack cocaine and marijuana out the window of his vehicle. The narcotics were recovered by a deputy from the Contra Costa County Sheriff's Department and defendant was ultimately arrested after he abandoned his vehicle and fled from the police on foot. Based on the quantity of crack cocaine possessed by defendant for distribution, the parties and the USPO are in agreement that defendant's base offense level is 26.

B.  **U.S.S.G. §§ 2D1.1(b)(11), 5C1.2 (safety valve)**

A defendant is not entitled to a two-level reduction under §§ 2D1.1(b)(11), and 5C1.2 if he fails to truthfully provide to the government all information and evidence that the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as required by U.S.S.G. § 5C1.2(a)(5). In this case, paragraphs 7 and 8 of the plea agreement specifically state that as part of the bargain in this case this determination is left to the government. Based on defendant's refusal to meet with the government and discuss certain aspects of relevant conduct, the government does not find that defendant satisfied

U.S.S.G. § 5C1.2(a)(5). As a result, defendant does not receive a two-level downward departure and cannot receive a sentence below the 60-month mandatory minimum sentence.

### C.    U.S.S.G. § 3C1.2 (reckless endangerment)

Defendant admitted that inn the course of fleeing from law enforcement officers he recklessly created a substantial risk of death or serious bodily injury to another person. Therefore, a two-level upward adjustment is appropriate.

### D.    U.S.S.G. § 3E1.1 (Acceptance of Responsibility)

The government respectfully recommends that defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). Because defendant pleaded guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well, for an ultimate offense level of 25.

## IV.

## STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. The sentence recommended by the government achieves all of these sentencing goals. Accordingly, a sentence of 60 months imprisonment, four years supervised

UNITED STATES' SENTENCING MEMORANDUM
FOR DEFENDANT ANTIONE DEMETRIUS SMITH    4

release, and a $100 special assessment is therefore reasonable and appropriate.

## V.
## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court determine that defendant's ultimate guideline offense level is 25 and his criminal history category is I. The government further respectfully requests that, taking into consideration the advisory guideline range of 57-71 months, the mandatory minimum sentence of 60 months, and the sentencing factors set forth in section 3553(a), the Court sentence defendant to 60 months imprisonment, impose a four-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: September 3, 2008              Respectfully submitted,

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney


                                      _____/s/_____
                                      GARTH HIRE
                                      Assistant United States Attorney